UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SATYA WATI,<br><br>      Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>      Respondent. | Nos. 06-75199<br>         07-71348<br><br>Agency No. A070-345-157<br><br><br>ORDER |

Before:     B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

Wati's petition for panel rehearing is granted. The memorandum disposition filed on October 21, 2009 is withdrawn.  A replacement memorandum disposition will be filed concurrently with this order.

No further filings shall be accepted in this closed case.

RA/Research

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SATYA WATI,<br><br>            Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>            Respondent. | Nos.  06-75199<br>            07-71348<br><br>Agency No. A070-345-157<br><br>MEMORANDUM [*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted October 13, 2009[**]

Before:     B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

In these consolidated petitions, Satya Wati, a native and citizen of Fiji,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"), and the BIA's order denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), de novo constitutional violations, and for abuse of discretion the denial of a motion to reopen, *Lin v. Ashcroft,* 377 F.3d 1014, 1023 (9th Cir. 2004). We deny both petitions for review.

Substantial evidence supports the BIA's adverse credibility finding based on the omission from Wati's asylum application of her beating, rape and interrogation by Fijian natives and its omission of her brother's arrest and beating, *see Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004), and based on Wati's failure to explain these the omissions when given the opportunity, *see Kaur v. Gonzales*, 418 F.3d 1061, 1066-67 (9th Cir. 2005). Accordingly, in the absence of credible testimony, Wati's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Wati's CAT claim is based on the same statements found to be not credible, and she does not point to any other evidence in the record that compels the conclusion that it would be more likely than not that she would be tortured if

returned to Fiji, substantial evidence supports the BIA's denial of CAT. *See id*. at 1156-1157.

The BIA did not abuse its discretion in denying Wati's motion to reopen because it considered the record and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening given the adverse credibility determination. *See Malhi v. INS,* 336 F.3d 989, 994 (9th Cir. 2003) (upholding denial of motion to remand to adjust status where applicant failed to make out a prima facie case of eligibility for relief); *Cano-Merida v. INS*, 311 F.3d 960, 966 (9th Cir. 2002). It follows that the BIA did not violate Wati's due process rights by denying her motion to continue. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a due process violation).

**PETITIONS FOR REVIEW DENIED.**